Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

*Emergency Motion For TRO - Medical Neccesity*

# UNITED STATES DISTRICT COURT

### for the

### Eastern District of Virginia

### Richmond Division

Avonte Leshay Smith

_____
Plaintiff(s)
(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)

-v-

TMG Richmond IV, LP

_____
Defendant(s)
(Write the full name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names.)

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. __3:26 cv 399__
(to be filled in by the Clerk's Office)

Jury Trial: (check one)  ☐ Yes  ☐ No

RECEIVED
MAY - 8 2026
CLERK U.S. DISTRICT COURT
RICHMOND, VA.

## COMPLAINT FOR A CIVIL CASE

I.      **The Parties to This Complaint**

   A.      **The Plaintiff(s)**

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if
   needed.

| | |
|---|---|
| Name | Avonte Smith |
| Street Address | 2828 Fairfield Ave Apt D |
| City and County | Richmond, VA 23223 Henrico County |
| State and Zip Code | Virginia 23223 |
| Telephone Number | 804-314-3789 |
| E-mail Address | avonte.leshay10@gmail.com |

   B.      **The Defendant(s)**

   Provide the information below for each defendant named in the complaint, whether the defendant is an
   individual, a government agency, an organization, or a corporation. For an individual defendant,
   include the person's job or title (if known). Attach additional pages if needed.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Defendant No. 1   ~~Mallard Greens Townhomes~~ TMG Richmond IV, LP

    Name — Tiffany Mason

    Job or Title *(if known)* — Property Manager

    Street Address — 2852 Fairfield Ave

    City and County — Richmond Henrico County

    State and Zip Code — Virginia 23223

    Telephone Number — 804-222-8282

    E-mail Address *(if known)*

Defendant No. 2

    Name — Helen Spitter

    Job or Title *(if known)* — Senior Attorney

    Street Address — P.O. Box 7260

    City and County — Hampton

    State and Zip Code — Virginia 23666

    Telephone Number — 757-251-2296

    E-mail Address *(if known)*

Defendant No. 3

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 4

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## II.    Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power).  Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case.  In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction?  *(check all that apply)*

☑ Federal question            ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.    If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case. FHA - The Fair Housing Act, Americans w/ Disabilities Act Violation of "Integrate Mandate" Refusal of Reasonable Accommodation, Title II, Title III (Olmstead Decision) Retaliation

### B.    If the Basis for Jurisdiction Is Diversity of Citizenship

1.    The Plaintiff(s)

a.    If the plaintiff is an individual

The plaintiff, *(name)* _____ , is a citizen of the State of *(name)* _____ .

b.    If the plaintiff is a corporation

The plaintiff, *(name)* _____ , is incorporated under the laws of the State of *(name)* _____ ,

and has its principal place of business in the State of *(name)*

_____ .

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.    The Defendant(s)

a.    If the defendant is an individual

The defendant, *(name)* _____ , is a citizen of the State of *(name)* _____ . Or is a citizen of *(foreign nation)* _____ .

Page 3 of 5

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

b.    If the defendant is a corporation

The defendant, *(name)* _____ , is incorporated under

the laws of the State of *(name)* _____ , and has its

principal place of business in the State of *(name)* _____ .

Or is incorporated under the laws of *(foreign nation)* _____ ,

and has its principal place of business in *(name)* _____ .

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.    The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

## III.    Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

1. The parties: Plaintiff (Avonte Smith) is a disabled (TTD) tenant residing at Mallard Greens Townhomes. Defendants include Tiffany Mason Property Manager, Senex Law, and Henrico County Sheriff's Office.
2. Jurisdiction: This action is brought pursuant to the fair Housing Act (42 U.S.C § 3601) Americans with Disabilities Act (42 U.S.C § 12101) as Defendants have discriminated against Plaintiff based on physical & cognitive disabilities

## IV.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages. I request Emergency TRO Motion and I request immediate Possession to the unit. I was denied the 24 hour lock-out access as well as FHA violations because Eviction was executed in bad faith while I was incapacitated and in violation of my rights to access property.

## V.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:    _May 9, 2026_

Signature of Plaintiff    _____

Printed Name of Plaintiff    _Amante Smith_

### B.    For Attorneys

Date of signing:    _____

Signature of Attorney    _____

Printed Name of Attorney    _____

Bar Number    _____

Name of Law Firm    _____

Street Address    _____

State and Zip Code    _____

Telephone Number    _____

E-mail Address    _____

Statement of Claim (Cont'd)

Bad Faith Tactics; Interference with Payment:
Defendants engaged in bad faith by blocking the online rent/tenant portal and revoking 3rd party payment access, preventing Plaintiff from exercising their legal right of redemption under Virginia Code § 55.1-1250

Procedural Traps: Defendants provided contradictory instructions telling Plaintiff to pay through a blocked portal while simultaneously issuing notices to pay via different methods creating a procedural trap to ensure judgement was granted despite Plaintiffs attempts to pay.

Disregard of Indigency: Despite Plaintiff providing physical evidence of Indigency, a work-related injury and pending workers compensation, Defendants and the Henrico General District court demanded high filing fees ($2,900+) that they knew Plaintiff could not pay, effectively blocking Plaintiffs access to due process

Witnessed Incapacity: The ultimate act of bad faith occurred on May 7, 2026, when Defendants and the Henrico county Sheriff's Deputies executed the lockout while witnessing Plaintiff being transported by paramedics knowing Plaintiff was physically and cognitively incapable of removing life sustaining medication and equipment.

Legal Violations: Violation of Due Process & FHA

Violation of the Fair Housing Act (FHA): The bad faith manipulation of the payment portal and the refusal to accept 3rd party payments constitutes a discriminatory practice intended to displace a disabled tenant who required reasonable accomodations in payment procedures due to their injury.

Due Process Violation (14th Amendment)
By scheduling hearings for after the eviction date and demanding impossible fees from an indigent person, the State actors (the court and sheriff) denied Plaintiff a meaningful opportunity to be heard before being deprived of their property and life - Sustaining Medicine.

FHA/ADA
Failure to Accomodate: Defendants refused to grant a reasonable accomodation by delaying the lockout until Plaintiff was medically stable.

Discriminatory Harassment: Proceeding with an eviction during a witnessed medical transport is a bad-faith act that violates Plaintiff's Civil and Disability Rights.

Irreparable Harm: The denial of access to Medications like Methylprednisolone and Baclofen creates a high risk of "Steroid Crash" and severe withdrawal, posing a direct threat to plaintiff's life.

Statement of Facts: Plaintiff is a person with documented physical and cognitive disabilities resulting from a January 13, 2026, injury. Plaintiff requires life-sustaining medical equipment (ESTIM Machine, Aspen Back Brace) and specific Medications (Methylprednisolone, Baclofen, Methocarbamol, and others) to prevent life-threatening complications

The Medical Crisis: On May 7, 2026, at 9:28 am Plaintiff suffered a Medical Crisis. Paramedics arrived and transported Plaintiff to Bon Secours Mercy Hospital

Notice and Witness: At time of transport, at least (3) three Henrico County Sheriff's Deputies were present and witnessed Plaintiff being loaded into an ambulance in an incapacitated state.

The Wrongful Lockout: Despite witnessing this medical emergency and knowing plaintiff could not move their belongings or defend their interests, Defendants proceeded to execute the eviction and lock the premises.

Denial of Essential Medicine: Defendants have willfully blocked Plaintiff's access to life-sustaining medications and medical equipment. As of 7:41 pm on May 7, 2026, the property Manager has left the site, leaving Plaintiff - who has now been discharged with orders to continue medications immediately - without access to life-saving treatment.

Request For Relief:

Plaintiff respectfully requests that this Court:

1. Issue a Emergency Temporary Restraining order granting Plaintiff immediate access to the Unit to retrieve all life Sustaining Medications and Medical Equipment

2. Issue a Preliminary Injunction restoring Plaintiff to possession of the premises while this case is adjudicated.

3. Award damages for the Violation of Civil Rights and the intentional infliction of emotional and physical distress.