UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division
AVONTE LESHAY SMITH,
Plaintiff,
v.
TMG RICHMOND IV, LP,
and
SENEX LAW,
Defendants.
Civil Action No.: 3:26-cv-00399-RCY


FIRST AMENDED COMPLAINT
Plaintiff, Avonte Leshay Smith, proceeding pro se, respectfully files this First Amended Complaint against Defendants, TMG Richmond IV, LP and Senex Law, pursuant to the Court's Order of May 15, 2026. This Amended Complaint completely supersedes the initial complaint and cures the deficiencies noted in the Court's Memorandum Opinion by establishing federal question jurisdiction, detailing the joint deceptive practices of the co-defendants, and demonstrating the complete breakdown and exhaustion of state court remedies. Plaintiff alleges as follows:

I. JURISDICTION AND VENUE
1.   This Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as this action arises under the Constitution and laws of the United States, specifically the Fair Housing Act (42 U.S.C. § 3601 et seq.), Section 504 of the Rehabilitation Act (29 U.S.C. § 794), and the Civil Rights Act of 1871 (42 U.S.C. § 1983).
2.   Venue is proper in the Eastern District of Virginia, Richmond Division, pursuant to 28 U.S.C. § 1391(b) because all Defendants conduct substantial business in this district and the events giving rise to these federal claims occurred at the residential dwelling located at 2828-D Fairfield Ave, Richmond, Virginia 23223.

II. PARTIES
3.   Plaintiff, Avonte Leshay Smith, is an indigent, disabled individual who resided at 2828-D Fairfield Ave, Richmond, Virginia 23223. Plaintiff is a qualified individual with disabilities under federal law, suffering from severe, documented physical and cognitive injuries detailed in Exhibit A (Filed Under Seal).
4.   Defendant, TMG Richmond IV, LP (hereinafter "TMG"), is a business entity organized under the laws of Virginia that owns, manages, and operates the residential housing complex located at 2828-D Fairfield Ave, Richmond, Virginia 23223.
5.   Defendant, Senex Law (hereinafter "Senex"), is a professional legal corporation organized under the laws of Virginia, operating as a debt collector and legal agent, specializing in high-volume landlord-tenant evictions, located at 1400 Discovery Blvd, Williamsburg, VA 23188. At all times relevant, Senex acted in active concert, joint participation, and as an agent for Defendant TMG.

III. STATEMENT OF FACTS

A. Manufactured Default, Bad Faith, and Loss of Third-Party Assistance

6.    Plaintiff suffers from severe physical and cognitive injuries requiring regular use of life-sustaining medical equipment and medications. Both Defendant TMG and Defendant Senex had actual, written knowledge of Plaintiff's disabled status.

7.    On March 18, 2026, Plaintiff attempted to submit a timely rent payment through an authorized 3rd-party payment organization. Defendant TMG and its legal counsel, Senex, intentionally blocked and rejected this payment channel to artificially manufacture a lease default, as documented in Exhibit C.

8.    Due to the malicious, bad-faith behaviors, deceptive invoicing, and payment blocking by TMG and Senex, the third-party organization officially issued a revocation letter withdrawing Plaintiff's rental funding assistance, completely severing her financial support network, as documented in Exhibit C-1.

9.    Following the block, Defendant TMG's property manager, acting in coordination with Senex, engaged in a deceptive pattern of contradictory communications. The manager ordered Plaintiff via text message to pay rent using an online tenant portal, while knowing that Defendants had entirely deactivated Plaintiff's access to that portal. Simultaneously, the manager texted conflicting demands for Plaintiff to use a paper pay slip, as documented in Exhibit B.

10.    Defendants explicitly lied to Plaintiff via text message, stating a state court date was scheduled when no such date existed, and threatened to file a Writ of Eviction that they had already secretly processed, completely bypassing mandatory lawful notice requirements.

11.    Prior to the forced lockout, a formal agreement was reached in state court between Plaintiff, Judge Nicole Fox, and the attending Senex Law attorney. Under this agreement, a secondary Unlawful Detainer (UD) action and its associated court fees were ordered to be completely wiped and removed from Plaintiff's account ledger.

12.    In open defiance of that judicial agreement, and to deliberately maintain a fraudulent financial stranglehold over an indigent, disabled tenant, Defendants TMG and Senex breached the agreement and refused to remove the charges. The illegal secondary UD action and its fabricated fees remain active on Plaintiff's tenant ledger to this day, as documented in Exhibit E.

B. Breakdown of State Court Remedies and Judicial Denial of Access

13.    To protect her constitutional housing rights, Plaintiff attempted to utilize the state court system by filing multiple Motions to Stay the eviction in the Henrico County General District Court.

14.    Presiding Judge Nicole Fox of the Henrico County General District Court repeatedly and summarily denied Plaintiff's Motions to Stay the eviction. Judge Nicole Fox actively refused to look at, review, or consider the physical exhibits, text messages, and ledger proofs that Plaintiff brought to the courtroom to prove the defendants' fraud.

15.    Furthermore, despite Plaintiff's documented status as an indigent person with severe physical and cognitive disabilities, the state court refused to waive the mandatory appeal fees, bonds, and filing costs.

16.    Because Judge Nicole Fox and the state court unconstitutionally refused to waive these indigent fees, Plaintiff was

completely blocked from lawfully presenting her evidence, defending against the eviction, or processing an appeal in front of a judge.

17.   This structural breakdown and absolute denial of access in the Henrico County General District Court completely exhausted Plaintiff's state remedies, forcing her into federal court to seek emergency protection against the violation of her civil rights.

C. Forced Lockout and Joint State Action During Medical Crisis

18.   On May 7, 2026, Defendant TMG and Defendant Senex proceeded to execute an eviction lockout. Defendants intentionally coordinated this action with state actors, specifically three (3) Henrico County Sheriffs.

19.   This eviction was willfully executed by Defendants and the Sheriffs while Plaintiff was physically incapacitated and actively being loaded into an emergency medical transit vehicle for hospital transport.

20.   By locking Plaintiff out during an active medical emergency, both Defendants and the state actors deliberately separated an indigent, disabled individual from life-sustaining medication and critical medical devices, resulting in immediate, life-threatening physical trauma and emergency hospitalization.

21.   On May 8, 2026, this Court held an emergency virtual hearing and issued a Temporary Restraining Order permitting Plaintiff a strict two-hour window to retrieve immediate medications. Plaintiff fully complied with the court's mandate to vacate at 5:00 PM.

22.   On May 13, 2026, while the balance of this federal civil rights lawsuit was actively under review by this Court, Defendants TMG and Senex took aggressive, joint unilateral action to alter the status quo and penalize the Plaintiff.

23.   Defendants applied an additional $3,356.00 in punitive charges to Plaintiff's official tenant ledger, consisting of a $1,000.00 "junk removal fee," a $150.00 "unit cleaning fee," and a $2,206.00 "lease termination fee," as documented in Exhibit E.

24.   This May 13 ledger invoice proves that Defendants seized and removed all of Plaintiff's remaining personal property and medical gear. Prior to this seizure, Plaintiff captured clear video evidence documenting the pristine condition and exact inventory of the property left inside the unit, as detailed in Exhibit F.

IV. LEGAL CLAIMS (CAUSES OF ACTION)

COUNT I: VIOLATION OF THE FAIR HOUSING ACT (DISABILITY DISCRIMINATION)
42 U.S.C. § 3604(f) — Against Both Defendants
25. Plaintiff realleges paragraphs 1 through 24 as if fully set forth herein.
26. Under the Fair Housing Act, it is unlawful for a housing provider or their legal agents to discriminate in the terms, conditions, or privileges of rental of a dwelling, or to deny a dwelling to a renter, because of a handicap.
27. Co-defendants TMG and Senex violated the FHA by intentionally deactivating online payment channels, fabricating lease defaults, and deploying bad-faith billing practices specifically targeted at causing the revocation of Plaintiff's third-party organization rent assistance.

28. Defendants further violated the FHA by refusing to remove the secondary UD and its fees despite an explicit state court agreement, and by refusing to grant reasonable accommodations in their payment processing and eviction timeline while knowing Plaintiff was undergoing an emergency medical crisis.


COUNT II: FAIR HOUSING ACT RETALIATION
42 U.S.C. § 3617 — Against Both Defendants
29. Plaintiff realleges paragraphs 1 through 24 as if fully set forth herein.
30. The FHA makes it unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of their housing rights, or because they have filed a formal legal complaint to protect those rights.
31. Defendants TMG and Senex engaged in explicit, joint federal retaliation by maintaining the fraudulent secondary UD charges, sabotaging her third-party funding channels, and waiting until immediately after the May 8 virtual federal court hearing to levy an additional $3,356.00 in predatory fees on May 13, 2026.
32. These charges—specifically the $1,000.00 fee labeling a disabled person's medical equipment as "junk"—were applied by Senex and TMG solely to financially punish Plaintiff for seeking emergency relief from a United States District Judge.

COUNT III: CIVIL RIGHTS VIOLATION (UNLAWFUL EVICTION & DENIAL OF DUE PROCESS)
42 U.S.C. § 1983 — Against Both Defendants
33. Plaintiff realleges paragraphs 1 through 24 as if fully set forth herein.
34. To state a claim under 42 U.S.C. § 1983, a plaintiff must show a violation of a constitutional right committed by persons acting "under color of state law." Private actors are liable under § 1983 when they engage in joint activity with state officials to carry out an unconstitutional deprivation of property.
35. Defendants TMG and Senex acted in deliberate joint participation with state officers (three Henrico County Sheriffs) to execute a lockout on May 7, 2026, while knowing Plaintiff was incapacitated and inside an emergency medical vehicle.
36. Because Judge Nicole Fox and the Henrico County General District Court blocked Plaintiff's access to justice by refusing to review exhibits, waive indigent fees, or enforce the agreement to drop the secondary UD, the state court process was broken. Defendants TMG and Senex willfully leveraged this broken state system and state enforcement power (Sheriffs) to deprive Plaintiff of her tenancy and life-sustaining medical property without Due Process of Law.

COUNT IV: DISABILITY DISCRIMINATION & REHABILITATION ACT VIOLATION
29 U.S.C. § 794 — Against Both Defendants
37. Plaintiff realleges paragraphs 1 through 24 as if fully set forth herein.

38. Defendants violated federal disability protections by operating their program, housing, and related legal collections in a manner that excludes disabled individuals from meaningful participation.

39. Defendants refused to adapt communication methods, left fraudulent and un-agreed-to UD charges on the ledger, and heavily penalized Plaintiff's disability-related financial boundaries, resulting in a complete denial of safe, accessible housing and the loss of essential third-party administrative support.

COUNT V: SPOLIATION OF EVIDENCE AND ILLEGAL CONVERSION
Virginia Common Law & Federal Rule of Civil Procedure 37(e) — Against Both Defendants

40. Plaintiff realleges paragraphs 1 through 24 as if fully set forth herein.

41. Defendants had an absolute legal duty to safely store and preserve Plaintiff's personal property for a minimum of 30 days following an eviction under Virginia Code § 55.1-1255.

42. By labeling Plaintiff's household property and medical gear as "junk" on May 13, 2026, and applying a $1,000 removal fee, Defendants TMG and Senex willfully destroyed, altered, or concealed essential physical evidence while this federal civil action was actively pending, severely disrupting Plaintiff's ability to litigate her civil rights claims.

V. PRAYER FOR RELIEF (REMEDIES REQUESTED)
WHEREFORE, Plaintiff Avonte Leshay Smith respectfully requests that this Court enter judgment in her favor and grant the following remedies jointly and severally against Defendants TMG Richmond IV, LP and Senex Law:

1.    Mandatory Injunction: Issue a permanent injunction ordering Defendants to immediately delete, reverse, and permanently wipe clean the un-agreed-to secondary Unlawful Detainer fees, the fraudulent $1,000.00 junk removal fee, the $150.00 cleaning fee, and the $2,206.00 lease termination fee from Plaintiff's official ledger.

2.    Property Disclosure & Preservation Order: Order Defendants TMG and Senex to immediately disclose the exact address of the facility housing Plaintiff's seized property, confirm in writing whether any items have been destroyed, and order Defendants to maintain all remaining items in a secure, climate-controlled facility at Defendants' sole expense.

3.    Compensatory Financial Damages: Award Plaintiff full financial compensation for the replacement cost of all personal property, household goods, and specialized medical equipment destroyed, lost, or converted by Defendants, as itemized via Plaintiff's video evidence (Exhibit F).

4.    Special Medical Damages: Award Plaintiff substantial compensatory damages for the severe physical pain, cognitive regression, and emotional trauma directly caused by Defendants separating Plaintiff from life-sustaining medication during an emergency hospitalization.

5.    Punitive Damages: Assess massive punitive damages against Defendants TMG Richmond IV, LP and Senex Law for their malicious, reckless, and retaliatory conduct in executing a lockout during a medical emergency and leveling punitive financial charges in breach of a court agreement during active federal litigation.

6.    Statutory Sanctions: Impose severe financial court fines and sanctions against Defendants for civil contempt and the intentional spoliation of evidence during an ongoing federal case.

7.    Grant any such further relief as this Court deems just, equitable, and proper.

Dated: May 20, 2026

Respectfully submitted,


Avonte Leshay Smith, Plaintiff Pro Se
[7205 Count St, Richmond, VA 23228]
[804-314-3789]
[avonte.leshay10@gmail.com]